NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>LATONIA SMITH,<br><br>    Defendant - Appellant. | No. 24-5419<br><br>D.C. Nos.<br>2:19-cr-00304-WQH-VCF-1<br>2:23-cv-02083-WQH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
William Q. Hayes, District Judge, Presiding

Argued and Submitted May 16, 2025
San Francisco, California

Before: M. SMITH and BRESS, Circuit Judges, and MORRIS, Chief District
Judge.[**]

Defendant-Appellant Latonia Smith appeals the denial of her motion to

vacate her conviction and sentence pursuant to 28 U.S.C. § 2255.  After Smith's

mother was fired, her mother's former supervisor and former employer's counsel

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Brian M. Morris, United States Chief District Judge
for the District of Montana, sitting by designation.

received threatening Facebook messages and letters. Investigators considered Smith a suspect, so they obtained a warrant to seize certain "electronic equipment" and "electronic data storage devices." After Smith assaulted her mother's former employer's counsel, investigators sought a second warrant to seize any firearm used during the assault and any cellphone she may have used to navigate to the victim's residence. But before the new warrant was signed, investigators executed the original warrant and seized Smith's cellphone during the search. Based in part on information stored on the seized cellphone, Smith was convicted of three counts of mailing threatening communications in violation of 18 U.S.C. § 876(c).

Smith filed a § 2255 motion, claiming that her trial counsel were ineffective because they did not move to suppress the cellphone evidence. The district court denied her motion, concluding that Smith had failed to demonstrate that her counsel performed deficiently. Among other things, the district court found that competent counsel could have believed the original warrant authorized investigators to seize Smith's cellphone and was not overbroad.

"When considering a *Strickland* claim based on counsel's failure to bring a suppression motion, 'the relevant question' is whether 'no competent attorney would think a motion to suppress would have failed.'" *Chong v. United States*, 112 F.4th 848, 855 (9th Cir. 2024) (quoting *Premo v. Moore*, 562 U.S. 115, 124 (2011)), *cert. denied sub nom. Tran v. United States*, 145 S. Ct. 1218 (2025).

Pursuant to that standard, Smith has not shown her counsel's performance was constitutionally deficient, so we **AFFIRM**.

1. A competent attorney could have thought the original warrant authorized investigators to seize Smith's cellphone. According to Smith, the original warrant reached only "traditional computer-related equipment associated with word processing and printing, not cell phones." But the warrant's text was much broader. It covered "[c]omputers, peripherals, and all other electronic equipment used in connection with creating or transmitting threats or threatening communications[.]" Cellphones are electronic equipment that can be used to create or transmit threats. That is all the warrant required. Also, the warrant used scanners, digital cameras, and internet access devices as examples of electronic equipment. None of these items is used with computers for word processing and printing. Thus, Smith cannot cabin the warrant's text to devices used for those purposes. Even if she could, cellphones can be used for word processing and printing—as they were here.

Smith's other arguments are unpersuasive. For example, Smith argues that the warrant incorporated the affidavit by reference, and that the affidavit limited the warrant to either "the type of equipment associated with creating letters using a word processing program" or to her "personal computer." Certainly, courts can treat an affidavit as part of a warrant to help cure the warrant's overbreadth or lack

3                                                                                          24-5419

of particularity.  *See, e.g.*, *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 699 (9th Cir. 2009).  But Smith cites no cases holding that a warrant is otherwise limited to the items specifically flagged in the affidavit, and we do not follow such a "hypertechnical" approach to search-warrant interpretation.  *See United States v. Ventresca*, 380 U.S. 102, 109 (1965).  Even construing this warrant with reference to the affidavit, a competent attorney could have thought it covered cellphones. The warrant affidavit focused on Smith's computer but never said investigators were interested only in that device.  To the contrary, the affidavit said investigators wanted to search the computer "[a]mong other things," and detailed threats that were sent on Facebook, not just those that appeared to be printed from a word processor.

Smith also argues that investigators knew that the first warrant did not cover cellphones, noting that investigators sought a second warrant that explicitly mentioned cellphones.  An "[u]lterior motive may be evidence justifying an inference that the search exceeded the scope of the warrant . . . but it is not the determining factor, where the warrant itself was properly issued." *United States v. Ewain*, 88 F.3d 689, 694 (9th Cir. 1996).  Because cellphones are "electronic equipment" and can be used to create and send threats, a competent attorney could have concluded that the original warrant covered cellphones—even if the investigators obtained the second warrant because they worried the original one

would not authorize the seizure of Smith's cellphone.  Moreover, a competent attorney could have thought the investigators here sought the new warrant to obtain additional evidence about Smith's assault on her mother's former employer's counsel, not to supplement the original warrant.

2. A competent attorney could have thought the original warrant was not overbroad.  "When determining whether a warrant which authorizes the seizure of a category of items is overbroad, we consider: (1) whether probable cause existed to seize all items of a category described in the warrant; (2) whether the warrant set forth objective standards by which executing officers could differentiate items subject to seizure from those which were not; and (3) whether the government could have described the items more particularly in light of the information available to it at the time the warrant issued." *United States v. Shi*, 525 F.3d 709, 731–32 (9th Cir. 2008).

First, investigators had probable cause to search all the electronic equipment that Smith could have used to create or transmit threats.  The warrant affidavit established probable cause to believe that Smith sent threatening communications via Facebook message and the mail.  Although people can certainly send Facebook messages on their computers, they can also do so using their cellphones.  Likewise, people can, and do, prepare and print documents on their cellphones rather than their computers—as Smith herself did in this case.

Second, the warrant employed objectively definable terms like "computers," "peripherals," "electronic equipment," and "electronic data storage devices."

Finally, investigators could not have narrowed the set of devices to be seized. Smith told investigators that she had at least one laptop, but nothing suggests investigators did or could know what device or devices Smith used to prepare and send each message.

3. Because we agree with the United States that a competent attorney could have thought the first warrant covered Smith's cellphone and was not overbroad, we need not decide whether a competent attorney would have believed that the good-faith exception, or the inevitable-discovery doctrine, would make the cellphone evidence admissible notwithstanding any defects in the warrant. We also need not decide whether Smith has shown that she was prejudiced because her counsel did not move to suppress the cellphone evidence.

**AFFIRMED.**